IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**ROBERT MARTIN**                                                                                          **PLAINTIFF**

**V.**                                        **NO. 3:20-CV-264-DMB-RP**

**RUREDY808, L.L.C. and**
**FRANK SAVAGE**                    **DEFENDANTS**

**ORDER**

On October 1, 2021, Robert Martin filed a response in opposition to RUREDY808, L.L.C.'s motion in limine. Doc. #77. In support of his response, Martin submitted multiple exhibits, which include medical records and references to other sensitive information. Docs. #77-1 to #77-5. Five days later, representing that unredacted versions of the exhibits were "inadvertently attached" to the response, Martin moved to seal the exhibits. Docs. #86, #87. Martin represents that RUREDY808 and Frank Savage do not oppose the request and that AMP Oxford is unavailable to indicate its agreement or opposition. Doc. #86 at 1. One day before filing the motion to seal, Martin refiled his opposition to the motion in limine and attached redacted versions of the exhibits. *See* Doc. #82.

Rule 79 of the Uniform Local Rules provides that no document may be filed under seal without a court order. L.U. Civ. R. 79(b). In this regard, Rule 79 instructs that "[a] statute mandating or permitting the non-disclosure of a class of documents provides sufficient authority to support an order sealing documents." *Id.* The Fifth Circuit has recognized that "HIPAA generally provides for confidentiality of medical records." *Acara v. Banks*, 470 F.3d 569, 571 (5th Cir. 2006) (citing 42 U.S.C. §§ 1320d-1 to d-7).

In considering whether to grant a motion to seal, there is a "presumption in favor of the

public's access to judicial records," and the decision whether to order judicial records sealed is committed to the sound discretion of the district court, which must "balance the public's common law right of access against the interests favoring nondisclosure." *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848–49 (5th Cir. 1993).

Martin specifically requests that the exhibits be permanently "sealed from public access only, with CM/ECF access permitted to the litigants' counsel" because they "include highly sensitive medical records regarding [his] therapy notes, medical diagnoses, his trauma, treatment, and prescriptions." Doc. #87 at 1–3. Having reviewed the exhibits, the Court agrees that they contain sensitive information warranting their nondisclosure, and finds that the interest in protecting Martin's private health information far outweighs the public's right to access. Accordingly, the motion [86] is **GRANTED**. Because Martin has already filed a properly-redacted version, the exhibits [77-1][77-2][77-3][77-4][77-5] are **STRICKEN** from the record with access to them **RESTRICTED** to only the parties.

**SO ORDERED**, this 7th day of October, 2021.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

2