IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

ROBERT MARTIN                                                                          PLAINTIFF

V.                                                                          NO. 3:20-CV-264-DMB-RP

RUREDY808, L.L.C. and
FRANK SAVAGE                                                                        DEFENDANTS

consolidated with

UNITED STATES OF AMERICA                                                               PLAINTIFF

V.                                                                          NO. 3:21-CV-192-DMB-RP

RUREDY808, L.L.C.;
FRANK SAVAGE                                                                        DEFENDANTS

**ORDER**

By order issued November 5, 2021, United States Magistrate Judge Roy Percy disqualified Reed Martz as counsel from representing RUREDY808, LLC and Frank Savage because it is undisputed that Martz will be a necessary witness in these consolidated cases. Doc. #103.[1] The order, which granted Robert Martin's motion to disqualify Martz, provided RUREDY808 and Savage until December 6, 2021, to retain substitute counsel.[2] *Id.* at PageID 487.

On November 18, 2021, despite his disqualification, Martz signed, filed, and served on behalf of RUREDY808 and Savage an "Objection to Order Granting Motion to Disqualify and Appeal to District Judge." Doc. #104. The same day, also on RUREDY808 and Savage's behalf, Martz signed, filed, and served a motion asking to "stay this action until a decision [on the

---

[1] All citations in this order are to the docket in the lead case in these consolidated cases—No. 3:20-cv-264.

[2] The order also provided that "Savage, being an individual as opposed to a corporate entity, may elect to proceed without an attorney, in which event he must file a notice with the clerk notifying the court of his intention to do so." Doc. #103 at PageID 487.

objection] is made by the District Judge." Doc. #105.  Martin responded in opposition to both the objection and the motion to stay.  Docs. #106, #107.

As to nondispositive matters, Federal Rule of Civil Procedure 72(a) provides that "[a] party may serve and file objections to [a magistrate judge's] order within 14 days after being served with a copy."  Local Rule 72(a)(2) describes the effect of a magistrate judge's ruling and the process for seeking a stay:

> *A magistrate judge's ruling or order* is the court's ruling and *will remain in effect unless and until reversed, vacated, modified, or stayed*. … *A stay application must first be presented to the magistrate judge who issued the ruling or order*. If the magistrate judge denies the stay, the applicant may request in writing a stay from the district judge to whom the case is assigned. Counsel for the applicant must append to the application to the district judge for a stay a certification by counsel that an application for the stay was made to and denied by the magistrate judge.

L.U. Civ. R. 72(a)(2) (emphases added).

Under Local Rule 72(a)(2), Martz' disqualification went into effect on November 5, was still in effect on November 18 when he filed the objection[3] and motion to stay, and currently remains in effect because to date the order disqualifying him has not been set aside.  Accordingly, Martz' November 18 filings will be stricken as unauthorized and contrary to Judge Percy's November 5 order.

If not stricken, the motion to stay would be denied for its procedural failures.  In violation of Local Rule 7(b)(4), the motion is not accompanied by a memorandum brief and does not ask that the memorandum brief requirement be waived.  Nor does the motion for stay comply with Local Rule 72(a)(2)'s procedural requirements.  While the motion does not state whether the request for a stay was first presented to the magistrate judge, it presumably was not since there is

---

[3] The Court acknowledges that, along with Martz, Savage, "Individually and on behalf of RUREDY808, LLC," signed the objection but only as to it being "Reviewed, Approved, and Confirmed" by him.  Doc. #104 at PageID 493.  Regardless, Savage's signature on behalf of RUREDY808 is patently unacceptable because, as Judge Percy noted in his November 5 order, "RUREDY808, LLC … may not proceed without an attorney."  Doc. #103 at PageID 487.

nothing appended to it, much less anything which could be deemed a certification that the stay request was made to and denied by the magistrate judge.[4]

Accordingly, for the reasons explained above, both the objection [104] and motion to stay [105] are **STRICKEN**.[5]  However, to the extent RUREDY808 and Savage took no action by the deadlines in the November 5 order in reliance on Martz' unauthorized filings, the deadline by which they may file an objection to the November 5 order disqualifying Martz is **EXTENDED** to December 20, 2021; and their deadline to retain substitute counsel to enter an appearance on their behalf[6] is **EXTENDED** to January 3, 2022.[7]  Unless and until the November 5 order is set aside, Martz is **ORDERED** to cease filing documents on behalf of, and otherwise acting as counsel for, RUREDY808 and Savage in these consolidated cases.

**SO ORDERED**, this 6th day of December, 2021.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[4] Also supporting the presumption that the stay request was not first presented to the magistrate judge is the fact that, on December 2, Martz e-mailed the undersigned district judge's chambers regarding the motion to stay.

[5] Alternatively, the motion to stay is denied for the procedural issues mentioned above.

[6] The provisions of the November 5 order are incorporated here to the extent the order provided that "Savage, being an individual as opposed to a corporate entity, may elect to proceed without an attorney, in which event he must file a notice with the clerk notifying the court of his intention to do so, and providing his mailing address and telephone number …. The defendant RUREDY808, LLC, … is ordered to retain substitute counsel by the date specified above." Doc. #103 at PageID 487.

[7] The warning in the November 5 order is also incorporated here:  RUREDY808 and Savage's "**failure to comply with this order or other orders of the court may result in sanctions, up to and including striking their answer and entering default against them, as well as dismissing their third party complaint and counterclaim**, as failure to comply with this order or other orders may lead to a presumption that they have chosen not to defend against the plaintiff's claims or to proceed with their own claims." Doc. #103 at PageID 488.